UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDRICK ERNEST GRAHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 4:23-cv-01077-MTS |
| ABBEY O'BRIEN, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Plaintiff Fredrick Ernest Graham's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [10]. For the reasons stated herein, the Court will grant the Motion, 28 U.S.C. § 1915(a), assess an initial partial filing fee of one dollar, see *id.* § 1915(b)(1), and dismiss Plaintiff's claims for failure to state a claim on which relief may be granted, *id.* § 1915(e)(2)(B).[1]

### Initial Partial Filing Fee

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1); *see also Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average

---

[1] Plaintiff is advised that, under the Prison Litigation Reform Act, a prisoner earns a strike for any action that is "dismissed on the ground[ ] that it is frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). After three strikes, a prisoner-litigant loses the right to sue without prepaying the filing fee in full. *Id.* § 1915(a), (g); *see also Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 142 S. Ct. 2837 (2022).

monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. *Id.* § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

The information contained in Plaintiff's Application shows that Plaintiff has insufficient funds to prepay the entire filing fee. Since Plaintiff failed to comply with 28 U.S.C. § 1915(a)(2), the Court, in this case, will assess an initial partial filing fee of $1.00. *Cf. Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam) (listing a procedure for calculating an initial partial filing fee in cases where a plaintiff is seeking to appeal without prepayment of fees but has not provided an account statement). If Plaintiff has no means by which to pay the one dollar initial partial filing fee, Plaintiff must submit a copy of his inmate account statement in support of his claim. *See* 28 U.S.C. § 1915(b)(4). Otherwise, Plaintiff must pay the initial partial filing fee of $1.00 within **thirty (30) days** of the date of this Memorandum and Order.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim on which relief can be granted. To state a claim on which relief can be granted, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (noting that while the district court must accept factual allegations in complaint as true it should not "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But the Court also must be careful not to "cross the permissible boundary" to reach claims that a complaint "cannot reasonably be construed" to raise. *See Bracken v. Dormire*, 247 F.3d 699, 702–03 (8th Cir. 2001).

**Background**

Plaintiff originally filed this action in the United States District Court for the Western District of Kentucky. That court transferred the action here pursuant to 28 U.S.C. § 1406(a). Upon review of the original compliant, the Court found it was not drafted on a Court-provided form. The Court mailed Plaintiff a copy of the form prisoner civil rights complaint and ordered Plaintiff to file an amended complaint on the Court-provided form. *See* E.D. Mo. L.R. 2.06(A). Plaintiff has filed his Amended Complaint on the Court-provided form.

**The Amended Complaint**

Plaintiff, who currently is incarcerated at the United States Penitentiary in Leavenworth, Kansas brings this civil action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants Abbey O'Brien (United States Probation Officer), Unknown Probation Officer 1, Unknown Probation Officer 2, and the United States Probation Office located in St. Louis, Missouri. Because Plaintiff's statement of his claim is difficult to understand, the Court will quote it directly:

> Facial injuries face twitching back and forth skull damages also? My release preparations plans before release was not given to me by my Unit Team (federal prison) by release date June 30, 2023, after release I received (homeless status) written on my release form. I reported on (all) dates (on time) to probations officer(s) but was accused of not providing an home plan or address after verifying I was homeless seeking government benefits and requested mental hospital and was denied; was seriously injured to my pelvic and left hip bones(s), and requested (M.R.I.) for verifications instead I was accused of (violations) (said) when on July (6-7), 2023, I returned from the (Emergency Room) behind (paralysis) injuries to my (groin area) and unable to walk or sit and stand. (Need) medical (Hospital Bed/M.R.I.) for the remainder of this probation violation (14) months. Need (wheelchair) and

> mental health (violations) caused me to commit suicide (hanging myself from (Top) bunk) in (2) man cells, and have been threatened by dangerous inmates in U.S.P. Leavenworth Kansas) behind this case and guards have been trying to (force) me into general pop. (S.H.U.) where my injuries will create brain damage/paralysis and unable to walk so I tried to strangle myself because of an (inmate Vauters #050, Psychologist on suicide watch (capable) of falsely stating I was sentenced for child molestation on (5) children and inmates are trying to murder me now so I committed suicide attempts; my (blue) iPhone (SE)/Book bag (etc.) was stolen (illegally) on July 12, 2023, which it is illegal for any information retrieved from iPhones are illegal in courtrooms.

Doc. [9] at 4.[2]

For relief, Plaintiff seeks a $10,000 "out of court settlement," an MRI of his groin, face, and head, a hip replacement, and the return of his iPhone and book bag. He also seeks housing, pain medications, bed rest in a hospital bed, medical transfer, and immediate release after his MRI.

**Discussion**

Liability in an action under 42 U.S.C. § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights."[3] *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). To that end, a plaintiff must allege facts connecting each defendant to the

---

[2] "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). But even viewing Plaintiff's original complaint alongside the Amended Complaint does not elucidate any plausible claim. *Cf. Burns v. Morgan*, 605 F. App'x 596, 597 (8th Cir. 2015) (per curiam) (faulting the district court for dismissing a pro se plaintiff's amended complaint, which it required the plaintiff to file, when a fatal omission in the amended complaint had been "clearly and repeatedly set forth in the original complaint").

[3] "An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens* and claims under § 1983 "involve the same analysis." *See Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015). Furthermore, the body of case law regarding § 1983 applies to *Bivens* actions. *Id.*

challenged action.  *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019); *see also Love v. Schoffman*, 142 Fed. App'x 278, 279 (8th Cir. 2003) (per curiam) (affirming pre-service dismissal under 28 U.S.C. § 1915(e) because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms").

Although it is unclear what action Plaintiff is challenging, liberally construed, he seems to  make allegations regarding the conditions of his confinement, including lack of medical care and treatment.  He names as Defendants, however, three probation officers and the United States Probation Office in St. Louis, Missouri.  He has not alleged these Defendants had anything to do with the injuries he has suffered in prison or his medical care and treatment.  Plaintiff's statement of his claim states only that he reported to unnamed probation officers and was accused of not providing a home plan.

If Plaintiff is suffering from unconstitutional conditions of confinement, his recourse is to file an § 1983 action in the district court for the district in which he is incarcerated and name as Defendants the individuals that are causing his injuries.  Even liberally construed, the Court cannot find a plausible claim for relief against the probation officer Defendants or the probation office named in the caption of Plaintiff's Amended Complaint.  Furthermore, the Court cannot find any causal connection between Defendants and Plaintiff's alleged injuries.

Because Plaintiff has not alleged a plausible constitutional claim against Defendants, the Court will dismiss Plaintiff's Amended Complaint for failure to state a

claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [10], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of one dollar ($1.00) within **thirty (30) days** of the date of this order.  Plaintiff must make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED** for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of January 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE